Van B. Cook County Attorney Attention: Mr. William G. Capko Assistant County Attorney and Ms. Leigh Shinohara Staff Attorney for Clerk of Court
QUESTION:
Is the clerk of circuit court required to serve as custodian of the funds of the Palm Beach County Solid Waste Authority after the effective date of Ch. 91-334, Laws of Florida?
SUMMARY:
The clerk of circuit court is not required by either Ch. 75-473, Laws of Florida nor Ch. 91-334, Laws of Florida, to act as permanent clerk for and custodian of the funds of the Palm Beach County Solid Waste Authority; rather, he or she is authorized to act temporarily as clerk for the authority until a permanent clerk is employed to handle such duties.
The Palm Beach County Solid Waste Authority was created by Ch. 75-473, Laws of Florida,[1] to "form a countywide authority for the management of solid waste to meet the . . . problems related to the collection and disposal of solid waste . . . ."[2]
Originally, the board of the authority consisted of seven members: four representatives of the municipalities within Palm Beach County and three representatives of the county commission.[3]
Chapter 91-334, Laws of Florida, amended the act to revise membership requirements for the authority. As of October 1, 1991, the seven members of the board are to be the members of the Board of County Commissioners of Palm Beach County.[4]
Section 4, Ch. 75-473, Laws of Florida, states, in part, that:
The Board of County Commissioners of Palm Beach County shall provide for an annual budget of the authority up to $75,000 annually, after having exercised its review of the budget submitted by the authority. Such funding by the Board of County Commissioners shall begin with the fiscal year commencing October 1, 1975, and shall also apply to the fiscal year beginning October 1, 1976. Such funding shall be paid to the authority upon the presentation of bills, statements, or invoices to the Board of County Commissioners of Palm Beach County with verification by the chairman of the authority as to the authenticity and reasonableness of the specific services or goods received. The authority shall keep books of account and shall provide an annual accounting to the Board of County Commissioners of Palm Beach County of the moneys received and expended by it.
In addition, the authority is authorized to "[w]ithout limitation, borrow money and issue evidence of indebtedness and accept property, gifts, or grants or loans of money from the federal and state government and from other sources, public or private, which loans and grants shall be expended in accordance with the purposes and provisions of this act."[5]
The enabling legislation for the authority, Ch. 75-473, Laws of Florida, provided that "[i]nitially, the clerk of the Board of County Commissioners of Palm Beach County shall be the clerk of the authority, subject to replacement by a permanent clerk hired by the board of the authority."[6] The subsequent amendment of Ch. 75-473 by Ch. 91-334, Laws of Florida, did not affect this provision.
Your request relates to the funds of the Palm Beach county solid Waste Authority and whether the nature of those funds changes with the amendments to the enabling legislation by Ch. 91-334, Laws of Florida. You have advised this office that the Palm Beach County Solid Waste Authority was an independent special district and will become a dependent special district when Ch. 91-334, Laws of Florida, becomes effective.[7] Since the board of county commissioners will become the board of the Solid Waste Authority of Palm Beach County and the clerk of court is the clerk for the board of county commissioners, you ask whether the funds of the district become county funds subject to control by the clerk of circuit court as custodian of county funds.
Pursuant to s. 1(d), Art. VIII, State Const., "[w]hen not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds." You have advised me that there is no county charter provision or special law which related to this matter.
A number of statutes address budgetary and financial matters of dependent special districts. Section 189.403(2), F.S., provides that one of the criteria for determining whether a district is a "[d]ependent special district" is whether "[t]he district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality."[8] County dependent special district millage is to be included in county millages pursuant to s. 200.002(2)(d), F.S. (1990 Supp.).[9] Further, s.200.001(8)(d), F.S. (1990 Supp.), states, in part, that "[d]ependent special district millage, when added to the millage of the governing body to which it is dependent, shall not exceed the maximum millage applicable to such governing body." Pursuant to s. 218.34(2), F.S., the proposed budgets of dependent special districts may either be contained within the general budget of the local governing authority and be clearly designated as the budget of the dependent district[10] or separately budgeted.[11]
Finally, the funds of special districts appear to be treated as separate and distinguishable funds by s. 218.345, F.S., which authorizes the governing body of a special district to invest surplus public funds in their control or possession.
However, while certain budgetary matters for dependent special districts are considered in the statutes, no statutory provision of which I am aware or to which you have drawn my attention directs any particular officer to act as custodian of the district's funds. In the absence of such statutory direction, I cannot conclude that such a responsibility should be place on the clerk of circuit court.
Therefore, in light of the power conferred on the Solid Waste Authority of Palm Beach county to employ a permanent clerk to handle its affairs and in the absence of any statutory requirement that the clerk of circuit court act as clerk for the authority other than temporarily, it is my opinion that the clerk of circuit court has no statutory duty to act as permanent custodian of the funds of the authority.
[1] See, s. 3, Ch. 75-473, Laws of Florida.
[2] Section 2, Ch. 75-473, Laws of Florida.
[3] Section 3(1), and (2), Ch. 75-473, Laws of Florida.
[4] Section 1, ch. 91-334, Laws of Florida.
[5] Section 7(9), Ch. 75-473, Laws of Florida.
[6] Section 3(5), Ch. 75-473, Laws of Florida.
[7] For a statutory definition of "[d]ependent special district" and "[i]ndependent special district," see, s.189.403(2), F.S., and s. 189.403(3), F.S., respectively. Seealso, s. 200.001(8)(d) and (e), F.S. (1990 Supp.), relating to "[d]ependent special district" and "[i]ndependent special district" which provide general definitions and relate particularly to determining millage.
[8] Section 189.403(2)(d), F.S.
[9] And see, s. 200.001(5), F.S. (1990 Supp.), which provides that:
Dependent special district millage shall be that millage rate set by the board of county commissioners or the governing body of a municipality, ex officio or otherwise, which shall be identified as to the area covered; as to the taxing authority to which the district is dependent; and as to whether authorized by a special act, authorized pursuant to s. 15, Art. XII of the State Constitution, authorized by s. 125.01(1)(q), or otherwise authorized.
[10] Section 218.34(2)(a), F.S.
[11] Section 218.34(2)(b), F.S.